THOMAS, Judge,
concurring in part and concurring in the result in part in case no. 2120101 and concurring in case no. 2120390.
I concur with Parts I through VI and Part VIII of the main opinion. However, I respectfully concur in the result as to Part VII. As noted in the main opinion, on October 4, 2013, our supreme court released Ex parte Christopher, 145 So.3d 60 (Ala.2013), in which our supreme court expressly overruled Ex parte Bayliss, 550 So.2d 986 (Ala.1989).
In overruling Bayliss, our supreme court specifically held that,
“[although [this] decision does not affect final orders of postminority educational support already entered, our overruling of Bayliss is applicable to all future cases. Further, this decision also applies to current cases where no final postminority-support order has been entered or where an appeal from a post-minority-support order is still pending.”
Christopher, 145 So.3d at 71 (emphasis added).
The above language plainly states that the holding in Christopher is applicable to any case in which an appeal of a postmi-nority-support order was pending at the time that decision was released. The State Judicial Information System case-action-summary sheet indicates that Steven Mark Morgan (“the husband”) filed *969 this appeal in case no. 2120101 on October 30, 2012, and that that appeal remained pending when Christopher was released on October 4, 2013. Accordingly, it is my opinion that, based upon the plain language used by our supreme court, this court must reverse that portion of the Chilton Circuit Court’s divorce judgment ordering the husband to pay postminority educational support pursuant to the holding in Christopher that “the child-custody statute does not authorize a court in a divorce action to require a noncustodial parent to pay educational support for children over the age of 19.” 145 So.3d at 67. I further believe that, because we are compelled by Christopher to reverse the award of postminority support, we need not address the husband’s argument that the postminority-support award constitutes an undue burden.